## LIDEL v. SOUTH DAKOTA CENT. RY. CO.

Sess. Laws 1907, c. 218, § 1, provides that a railway company failing to fence against live stock and maintain cattle guards where the right to do so exists shall be liable to the owner of any stock killed or injured. Civ. Code, § 542, provides that, when an owner shall inclose his land on all sides except the side abutting on a railroad, it shall be the duty of the company to construct a fence on

that side. **Held,** that Sess. Laws 1907, c. 218, § 1, is not controlled by Civ. Code, § 542, so as to make it the duty of a railroad to fence only where the adjoining owner has complied with section 542, but a railroad having failed to provide a cattle guard where it had the right to do so, and having killed a cow, a right to recover is established.

A stock owner having the right to turn his cattle loose where he did without any one in charge, the fact that he placed a person in charge, no matter how young, would in no manner alter the liability of a railroad company for killing a cow.

Under the statute declaring all section lines highways, the existence of a highway may be established by parol.

Sess. Laws 1907, c. 218, § 1, imposing a double liability on a railroad company killing or injuring live stock if it shall fail to pay therefor within 60 days after notice, is constitutional.

(Opinion filed, May 24, 1910.)

Appeal from Circuit Court, Lake County. Hon. JOSEPH W. JONES, Judge.

Action by Charles Lidel against the South Dakota Central Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Joe Kirby,* for appellant. *Krause & Krause,* for respondent.

WHITING, P. J. This action was commenced in justice court, and a new trial thereafter had in circuit court. Plaintiff sought to recover the value of a cow killed upon the right of way of defendant company by one of defendant's engines. No question was raised upon the pleadings. It appears that defendant's line of railway passed through section 34 in a certain township in Lake county, and from there in a southerly direction across section 3 in said township. Plaintiff offered oral testimony to show that there was a public highway between said sections, which evidence was objected to upon the ground that it was not the best evidence to establish the existence of such highway, which objection was overruled. The evidence tended to show that the right of way across section 3 was fenced on each side; that on the north side of section 3 no cattle guards had been placed to prevent cattle going upon said right of way; that plaintiff farmed lands on section 34, and that his cattle, in charge of his little son, were feeding on the cornstalks on such land, when one cow escaped and

passed off from section 34 onto section 3, entering the defendant's right of way at the north line of said section 3 between the company's lateral fences; that while upon such right of way said cow was killed by defendant's locomotive; that said cow was of the value of $35; that more than 60 days prior to the commencement of this action plaintiff made and served notice of loss of such cow, stating the manner how, time when, and place where same occurred with his affidavit thereto, and served the same upon the defendant; that defendant had not paid such loss or offered in any manner to settle therefor. The evidence on the part of defense tended to show that the locomotive and train were properly equipped and properly run; that the man in charge of the engine did not discover the cow until too close to her to allow of stopping the train, but did what was possible in effort to stop the train. Defendant moved for directed verdict, which was denied, and the court instructed the jury that defendant was obliged, under the law, to fence its right of way and construct cattle guards at all places except stations and like places needed for public use; that, if the jury found that the cow entered upon the right of way where the same was not fenced or where the same was without cattle guards on the north side of said section 3, and was killed by defendant's locomotive, then the defendant company must respond to the plaintiff; and that any effort to avoid the injury after discovering the cow upon the track would not excuse defendant from liability. These instructions were objected to. The jury returned a general verdict in favor of plaintiff for $35, motion for new trial was made before the trial court and denied, and judgment was rendered by such court in favor of the plaintiff for $70 besides costs. The defendant has appealed to this court from such judgment, and from the order denying a new trial.

Upon such appeal the defendant raised the following questions: (1) Whether the court erred in receiving oral testimony to prove that the section line was a highway. (2) Whether the court erred in refusing to direct a verdict in favor of the defendant. (3) Whether the court erred in ruling, over objection, and charging the jury, that defendant company was obliged to

fence the right of way and erect cattle guards at all places except station grounds and the like, and that defendant was not excused from liability by its attempting to avoid the accident after discovering the cow on the track, and that defendant assumed absolute liability if the cow came upon the track at the place detailed where the railway company had not placed a cattle guard on the north side of section 3. (4) Whether the court erred in rendering judgment. (5) Whether the court erred in rendering judgment in twice the amount of verdict.

This action is brought under the provisions of chapter 218, Sess. Laws 1907, which, so far as material to the matter before us, reads as follows: "Sec. 1. Duty of Railroad Companies.— Any corporation operating a railway and failing to properly fence the same against live stock and keep the same in repair and maintain proper and sufficient cattle guards at all points where the right to fence or maintain cattle guards exists, shall be liable to the owner of any stock killed or injured by reason of the want of such fence or cattle guard for the full amount of the damage sustained by the owner on account thereof, unless it was occasioned by his act or that of his agent; and to recover the same it shall only be necessary for him to prove the loss of or injury to his property. If such corporation fails or neglects to pay such damage within sixty days after notice in writing that a loss or injury has occurred, accompanied by an affidavit thereof, served upon any officer or station or ticket agent employed by said corporation in the county where such loss or injury occurred, such owner shall be entitled to recover from the corporation double the amount of damage actually sustained by him. If such railway company shall, within sixty days, offer in writing to pay a fixed sum, being the reasonable market value of the animals so killed, and the owner thereof shall refuse to accept the same, then in any action thereafter brought for damages where such owner recovered a less sum as the value of the animals so killed than the amount so offered, then such owner shall recover only the actual value of such animals and the railway company shall recover its costs against

such owner. No law of the state or any local or police regulation of any county, township, city, or town relating to the restraint of domestic animals, or in relation to the fences of farmers or land-owners, shall be applicable to railway tracks, unless specifically so stated in such law and regulation. * * *"

It is the contention of the defendant that this statute is controlled by section 542 of the Revised Civil Code, and the defendant contends that it was the duty of the defendant to construct a fence only where the adjoining landowner had complied with the provisions of section 542. While we agree with counsel that these two acts are both in full force, we are unable to agree in the conclusion that he draws therefrom. To our mind it is clear that the things sought to be effected by these two sections are entitrely separate and distinct. Under section 542, when the adjoining landowner has erected the necessary fence, it then becomes the absolute legal duty of the railway company, without any notice whatever, to erect a fence to connect with the landowner's fence, and thus inclose the land of such landowner. Wold v. S. D. Central Ry Co., 23 S. D. 521, 122 N. W. 583. The other law was passed for the purpose of fixing the liability of railroad companies where they had failed to properly guard their right of way, and it establishes certain rules of evidence in this class of cases, and provides a penalty of double damages under certain circumstances. It will be seen by a reading of this law that it does not make any provision under which a railroad company could be compelled to build any fence whatsoever, leaving section 542, supra, the only provision compelling the erection of fences. Under chapter 218, supra, the railroad company may still, if it sees fit and is willing to run the risk of the damages therein provided, leave its right of way wholly unfenced. The defendant company having wholly failed to provide a cattle guard to protect its right of way where it had the right to erect same, and the plaintiff having proven the killing of the cow upon said right of way of defendant, as well as the value of such cow, the plaintiff's case was fully established, and the only thing that would relieve the defendant would be to show that through the affirmative act of the plaintiff or his agent

the cow in question came upon the said right of way of defendant company. Jensen v. S. D. Cent. Ry. Co., 25 S. D. ——, 127 N. W. 650. Plaintiff had an' absolute right to turn his cattle loose on section 34 without any one in charge of them, and, if then they had wandered upon this right of way and had been killed, the defendant would have been liable; and the mere fact that instead of leaving them without any one in charge, the plaintiff saw fit to place some one in charge of them, be that person ever so young, would in no manner alter the liability of this defendant.

Appellant virtually abandons the claim that the court erred in allowing oral testimony to establish the existence of a highway between sections 34 and 3, and certainly there is nothing in such claim. The laws of this state, declaring all section lines to be highways except in certain exceptional cases, renders it unnecessary for a party to offer any proof other than the fact that the point in question was on the section line, which is a matter certainly open to proof by oral testimony. Lawrence v. Ewerts, 21 S. D. 580, 114 N. W. 709; Lowe v. East Sioux Falls Quarry Co., 25 S. D. ——, 126 N. W. 609. What we have said above fully answers the claim of appellant that the trial court should have directed a verdict in appellant's favor.

Only one question is left for our consideration: Did the court err in rendering a judgment for twice the sum named in the general verdict? Appellant contends that said chapter 218, supra, is unconstituional, and, moreover, that, even if such law should be held constitutional, yet the jury must find the double damage, and, where the jury reports a general verdict, the court cannot enter judgment for double the amount thereof. In this case, as in the case of Krumm v. S. D. Cent. Ry. Co. (just decided by this court), infra, the record on appeal does not present the instructions given the jury by the trial court. The first of the above contentions is answered adversely to appellant in the Jensen Case, supra, and the other contention is answered adversely to appellant in both the Jensen and Krumm Cases, supra.

The judgment and order denying a new trial are affirmed.