HUNTIMER, Respondent, v. SOUTH DAKOTA CENTRAL
RAILWAY COMPANY, Appellant.

(141 N. W. 472.)

**New Trial—Surprise—Court Decision—Former Decision.**

A new trial on ground of surprise, in that prior to suit the
Supreme Court had declared Laws 1907, Chap. 218, relating to
double damages for killing livestock, constitutional, as against
specific objections, while after trial that Court declared the act
unconstitutional as against other objections involving a rule of
evidence, will be denied, the case having been tried on theory

of the prior decision and the constitutionality of the act con-
cerning rules of evidence was not raised at the trial.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Lake County. Hon. JOSEPH W.
JONES, Judge.

Action by Frank E. Huntimer against the South Dakota Cen-
tral Railway Company to recover double damages for killing of
livestock. From a judgment for plaintiff, and from an order deny-
ing a new trial, defendant appeals. Affirmed.

*Joe Kirby, for* Appellant.

Prior to the trial of this case this court had, in Jensen v.
S. D. C. Ry. Co. and Lidel v. same, 127 N. W., pp. 650 and 653,
respectively, held that chapter 218 of the Laws of 1907 was in
each and all of its details in force. In, view of the fact that the
writer of this brief had tried the Lidel Case, both at circuit and
in this court, he accepted, as he was bound to, that decision
as the law, which the trial court must follow.

Later, this court, in the case of Becker v. W. R. V. Ry. Co.,
132 N. W. 797, held what was contended by me in the Lidel
Case should have been held as the law,—that the major portion
of this act was in conflict with the Constitution, that the company
still have the right to show that the accident resulting in loss was
unavoidable.

After the decision of the Becker Case I interviewed, as ap-
pears by my affidavit presented on the motion for a new trial
(Ab. fol. 36-41), the engineer in charge of the engine that
wrought the damage, and found, as appears by his affidavit pre-
sented on the motion for a new trial (Ab. fol. 23-6); that the facts
in this case made it one which came squarely within the decisions in
the following and other cases. Harrison v. Ry. Co., 6 S. D. 100;
Lewis v. Ry. Co., 7 S. D. 183; Hebron v. Ry. Co., 4 S. D. 538.
Then: Should a party to an action be granted a new trial on the
ground of accident, surprise and newly discovered evidence, where
the law at the time of the trial, as construed by the court of last re-
sort of the state, is subsequently changed so as to render the receipt
of evidence proper, which was at the time of the trial improper? I
contend a new trial should be granted. Bowden v. Norris, 1
Hughes, 378, Fed. Cas. No. 1715; Starkweather v. Loomis, 2

Vt. 573; Allen v. Chambers, 51 Pac. (Wash.) 478; Porter v. Printing Co., 66 Pac. (Mont.) 839.

*Krause & Krause,* for Respondent.

In the Lidel Case the defendant's counsel merely challenged the correctness of the trial court's construction of that portion of the statute whereby the same provided a change of the existing rules or to establish a new rule, of evidence, pertaining to the class of cases therein referred to. And Your Honors merely passed upon the same question, thereby in effect holding such a law would not be and was not vulnerable to the attack then under considera- ation. The correctness of such ruling admits of no doubt, for the Legislature had the undoubted right to enact such a law; and had the same been enacted by itself it surely would have stood any test. Being inadvertently included with other legislation, it was objectionable under the constitutional provision which prohibits duplicity. This objection should have been called to the court's attention by the defendant if it desired its protection.

Neither in the Lidel Case nor in the case at bar did the coun- sel call attention to the fact of duplicity of the statute, nor by demurrer, answer, objection or in any other manner except thereto upon any such ground.

Unless the constitutional violation be so pointed out the court will not declare statutes void. 8 Cyc. 800-1.

A party may waive the right to object to a statute as invalid by neglecting to point out its invalidity, and such waiver will pre- clude him from afterwards claiming the protection of the con- stitutional safe-guard infringed upon. 8 Cyc. 791-2.

McCOY, J. This action was brought to recover the value of certain pigs alleged to have been killed by defendant's railway train at a place where it is claimed it was obliged to fence its right of way. Defendant answered by general denial. Verdict was rendered for plaintiff, and judgment entered for double dam- ages, under the provisions of chapter 218, Laws of 1907. Motion for new trial was made and denied. Defendant appeals.

The only assignment of error presented is that the court erred in refusing to grant a new trial. The motion for new trial was claimed on the ground of surprise in this: That prior to the bringing of this action this court had held in the cases of Lidel v.

S. D. Cent. Ry., 25 S. D. 462, 127 N. W. 653, and in Jensen v. S. D. Cent. Ry., 25 S. D. 506, 127 N. W. 650, 35 L. R. A. (N. S.) 1015, Ann. Cas. 1912C, 700, respectively, that said chapter 218 was constitutional, and that after the case at bar had been tried, but before the time for motion for new trial had expired, this court again held, in the case of Bekker v. Railway Co., 28 S. D. 84, 132 N. W. 797, that said chapter 218, in so far as it attempted to change the rules of evidence in relation to the killing of live stock, was unconstitutional. The issues in the case at bar were framed and the case tried on the theory of the Lidel and Jensen Cases, and on the rule of evidence appearing in said chapter 218. The rule of evidence mentioned in the Bekker Case was not raised in the court below; neither was the constitutionality of said chapter 218 raised in the court below, at the time of the trial, with reference to such rules of evidence. After the verdict and judgment in the court below, the decision in the Bekker Case was published, and appellant then moved the court for new trial, setting up by affidavit the circumstances of the rendering of said decisions by this court as a ground therefor.

We are of the opinion that the motion for new trial was properly denied. It is true there are some authorities which seem to hold to the rule that, where a court of last resort has announced a certain rule of evidence and afterwards reverses the same, one who has relied upon the first rule is entitled to a new trial on the ground of surprise. But we are of the view that these authorities are not applicable in this case. In the Lidel and Jensen Cases the unconstitutionality of chapter 218 was raised, but upon entirely different grounds than those raised in the Bekker. Case. Had the same grounds been raised in the former cases that were raised in the latter, the decision would undoubtedly have been the same. No rule was reversed in the Bekker Case that was established or adhered to in the Lidel and Jensen Cases. The decision in the Bekker Case was based on the fact that the title of the act was not sufficient to carry legislation as to the rules of evidence. No such question was raised in either of the other cases.

The judgment and order appealed from are affirmed.