KIRBY v. CIRCUIT COURT OF McCOOK COUNTY.

Comp. Laws, Sec. 5189, providing that in special proceedings the clerk shall tax costs in favor of the prevailing party, does not apply to *certio-*

*rari* brought to a court, and on judgment in favor of the court no costs can be allowed.

(Opinion filed Oct. 5, 1897.)

On appeal from clerk's taxation of costs.  *Certiorari* to circuit court of McCook county.  Hon. JOSEPH W. JONES, Judge.

For opinion upon the merits, see 10 S. D. 38, 71 N. W. 140. Modified.

*C. A. Christopherson,* for plaintiffs.

*Boyce & Boyce,* for defendant.

HANEY, J.  Upon the hearing of this special proceeding this court enterd a judgment affirming the action of the court below and awarding costs and disbursements to defendant. The clerk having taxed costs as directed by the judgment, plaintiff appealed, contending that neither costs nor disbursements should be allowed in *certiorari* cases commenced in this court.   As the judgment gave defendant its costs and disbursements, it is difficult to discover how the clerk could refuse to tax any costs in its favor.  Strictly speaking, plaintiff should have moved to modify the judgment, if his contention is tenable; but attention having been called to the matter by this appeal, the court will consider what the practice should be in these cases, and, if its judgment in favor of defendant should not include costs, it will, upon its own motion, modify the same by striking out that feature of it.   Costs and disbursements, being the creature of the statute, have been uniformly denied on *certiorari*, as in other cases, unless expressly given by statute.   4 Enc. Pl. & Prac. 321.  The costs mentioned in Comp. Laws, § 5187, cannot be allowed in this case, because it is a special proceeding, and not an action; but Sec. 5189, by its terms, applies to special proceedings.  It is as follows:  "In all actions and special proceedings, the clerk must tax as a part of the judgment, in favor of the prevailing party, the allowance of his witnesses, the jury, officers' and printers' fees, the compensation of referees, the necessary expenses of taking

depositions, and procuring necessary evidence.'' This section is still in force, and ordinarily, in cases of *certiorari*, the prevailing party will be entitled to the disbursements provided for therein. But it contemplates that the party should recover what he has expended. The judgment is not in favor of witnesses and officers, but in favor of the party who has paid the fees or compensation of such persons. The circuit court cannot incur or pay any of these expenses, and therefore cannot recover disbursements. It cannot recover disbursements for the very good reason that it cannot make any. On the other hand, should judgment go against the court, it could not be collected. It would seem that the legislature should provide that in cases wherein the circuit court is a party the natural or artificial person interested should be joined with the court against whom or in whose favor costs and disbursements might be awarded. It follows that this court erred in entering a judgment for costs and disbursements in favor of the defendant in this proceeding and it must be modified by striking out the following words: ''And it is further considered and adjudged that defendant have and recover of the plaintiff his costs and disbursements in this proceeding expended, taxed and allowed at ———.'' It is so ordered.