## WOLD v. SOUTH DAKOTA CENTRAL RAILWAY CO.

Civ. Code, § 542, provides that, whenever a landowner shall construct a fence on all sides of the land except the side abutting against a railroad, it shall be the duty of the railroad company to construct a fence on such side. Section 543 provides that, when the owner has completed his portion of the fence, he shall notify the railroad company to complete its portion of the fence within 60 days, etc., **Held** that, where a railroad voluntarily constructs a fence, that no notice was given does not exempt it from liability for injuries to cattle through allowing the fence to become defective.

Section 544 provides that, if the railroad neglects or refuses to comply with any of the requirements of the act, the landowner may construct or repair the fence along the line of the road and makes the railroad liable for all damages accruing by reason of such neglect or refusal. **Held,** that the liability of the railroad is not confined to injuries to stock while passing through a defective fence, but extends to injuries to the stock through being struck by trains while on the right of way.

In taxing costs in law cases the courts have only those rights expressly or impliedly given by statute.

There being no notice of trial on appeal from a judgment of a justice of the peace to the county court, no costs may be taxed for proceedings after notice and before trial; the statute not providing for the taxation of such item.

(Opinion filed, Sept. 3, 1909.)

Appeal from County Court Minnehaha County. Hon. DANA R. BAILEY, County Judge.

Action by Lars J. Wold against the South Dakota Central Railway Company. Judgment for plaintiff, and defendant appeals.

Affirmed, with the exception that an item of $3 costs be stricken from the judgment.

*Joe Kirby,* for appellant. *Tore Teigen,* for respondent.

WHITING, J. This action was brought in the justice court of Minnehaha county by the plaintiff and respondent to recover of the defendant and appellant damages which plaintiff claimed he had suffered through the negligence of the defendant. The judgment being for plaintiff, the defendant appealed to the county court of said Minnehaha county upon questions of law and fact; and upon such appeal, there being a review of the evidence taken upon the trial in the justice court, the said judgment of the justice court was affirmed with costs, and said cause comes to this court upon appeal from the judgment of such county court.

No question is raised on the pleadings herein; the complaint being in conformity with the following facts shown by the testimony received: Plaintiff owned certain land in township 103, range 50, and was using same for pasture, when the defendant company constructed its line of road across such pasture land. At the time of building the railroad through such pasture, defendant constructed a four-wire fence along said right of way; the other three sides of pasture land having been fenced by the plaintiff. At the time of the accident the wire in defendant's fence had become loose and the fence insufficient to retain stock. Plaintiff's cow passed through such fence across the railroad track into a clover field, and, in attempting to return, was killed by defendant's train. It was admitted that there was no negligence on the part of defendant's employees in the running of said train. The cow in question was of the value for which judgment was rendered. Plaintiff admits that he never gave any written notice to the defendant requiring defendant to construct the fence in question. No evidence was offered on behalf of the defense, and defendant moved to dismiss the complaint for the reason that the facts proven showed that plaintiff was not entitled to recover, which said motion was denied, and judgment was entered for plaintiff. As part of the judgment in the county court there was, over defendant's objection, taxed as costs a $3 item for proceedings after notice, and before trial on appeal in such county court.

Appellant assigns the following as errors:   . ..  . ·

(1) In sustaining the decision of the justice court and for the following reasons: (a) Because the evidence shows that the plaintiff had never notified the defendant to construct a fence adjoining its right of way through his land. (b) That defendant owed to the plaintiff no duty or obligation to fence without notice. (c) That the fence as constructed by the defendant was and comprised its own volunteer act, was for its own benefit, and one that it was neither obliged to maintain nor repair for the plaintiff's benefit. (d) That the evidence shows the accident was unavoidable, and that the cow in question was a trespasser on the defendant's track.

(2) In affirming the action of the clerk in taxing $3 for the following reasons: (a) That there is no notice of trial on appeal from justice court. (b) That there can be no proceedings "after notice of trial" on such appeal. (c) That the statute does not allow any such item of costs to be taxed in this kind of case, and the court possesses no inherent power to allow it.

From the above assignments it appears that appellant would so construe sections 542 and 543 of our Civil Code as to make them put no duty upon a railroad company to construct a fence except after notice. We cannot agree with such an interpretation of these statutes. Section 542 specifically and by means of the most direct language makes it the "duty" of a railroad company to construct a fence under certain circumstances, and the facts of this case are such that it became defendant's duty to construct the fence at the time it did so construct it. While section 542 makes it the duty to build the fence yet the Legislature, realizing that ofttimes a company might not know that the facts existed which rendered it its duty to build a fence, provided by section 543 for a notice to be given to such company, after the giving of which it had a certain time within which to construct the fence. It needs no argument to show that, when a company has performed its duty, no reason exists for giving the notice, and it seems to us ridiculous for defendant to contend that if it voluntarily builds the fence without notice, and is not afterwards notified to do what it has already done, it will forever remain free from any liability for accidents caused through allowing the fence to get into defective condition.

Defendant in his argument takes the position that the defective fence was not the proximate cause of the accident, and contends that the only damage the defendant can be liable for, under this fence law, would have been his damage from injuries received by the cow in passing through the fence; and the defendant refers to section 544 in support of this contention, calling attention to the fact that, where a railroad company neglects to repair a fence, the landowner may do so, and the company will be liable for damages accruing by reason of such neglect or refusal. The reading of section 544 will show that it is not only the repairing of fences that it refers to, but also the constructing of the fences. If the appellant is correct that it is only damages for injuries occurring in the fence itself for which the company could be liable, then it could never be liable where it had wholly failed to construct a fence. It needs no argument, we think, to persuade one that this fence law, found in the sections referred to, was passed for some purpose to give to the landowner some benefit, and to us it seems quite evident that the purpose was to protect the farmer, not against any injuries that might occur while his stock was going through a defective fence, but to protect the farmer from the well-recognized dangers connected with live stock wandering on the railroad right of way, and which danger is principally that of injuries from moving trains. While undoubtedly a railroad company would be liable in damages for injuries sustained by stock in passing through a defective fence, where such defect was caused through the negligence of the company, yet it is rather the dangers after the stock has passed through that the law was intended to guard against, and there can be no doubt but what cases such as the one at bar were what the Legislature had in mind in framing the law in question, and that, therefore, stock passing through such defective fences cannot be considered as trespassers. The company was therefore clearly liable regardless of any question of negligence in the management and running of its train.

As regards the question of taxation of costs, it must be conceded that the courts in the matter of taxing costs in law cases only have those rights expressly or impliedly given by statute, and, while we believe it is quite a common custom to tax as costs on appeal

$3 for proceedings after notice and before trial, yet we are inclined to the view that appellant is correct, and that, there being no notice of trial on appeal, it must be held that there are no provisions to support the item taxed.

The judgment of the county court is affirmed, with the exception that the item of $3 costs be stricken therefrom.