FAIRMONT & VEBLEN RAILWAY COMPANY, Appellant,.
v. BETHKE, Respondent:

(159 N. W. 56.)

(File No. 3768.   Opinion filed August 29, 1916.)

1.  **Appeals—Condemnation Proceedings—Appealable Order—Order Dismissing Proceeding—"Intermediate Order."**

    An order, made after verdict and before judgment, in a condemnation proceeding, overruling petitioner's motion to dismiss the proceeding, is "an intermediate order" within the meaning of Code Civ. Proc., Sec. 463, providing for review of intermediate orders on appeal from the judgment; such order being reviewable upon such appeal when it is preserved in and appears on the appeal record.

2.  **Condemnation—Appropriation Under—Stipulation for Appropriation of Part of Acreage, Whether a Purchase and Sale—Taking Possession—Trespass, Distinguished from Possession.**

    Where, in a proceeding for condemnation of lands, the parties stipulated upon the trial that plaintiff, "as owner be permitted to appropriate to its use two acres" of the land in question, and has paid to defendant "for said two acres" a sum named, and that the action should be tried "as though said two acres had not been so appropriated," and that if and when judgment shall be entered, the said sum shall be deducted from the amount of the judgment, **held,** that such stipulation did not constitute a purchase and sale of said two acres, nor of the entire tract; that the stipulation amounted to a license to enter upon and remove gravel from a tract not exceeding two acres; that if plaintiff in removing gravel extended its pit to cover a fraction of an acre more than stipulated, while it thereby became a tresspasser, such action did not amount to a taking of possession of the entire tract; so as to bar petitioner from moving to dismiss and abandon the proceeding; nor did the surveying of a larger tract of the land, or the digging of test holes in several places prior to condemnation proceedings amount to such possession. **Held,** further, that said stipulation negatived any claim by either party that plaintiff had already taken possession of, or "appropriated" the entire tract.

3.  **Condemnation—Finding on Motion to Dismiss, Based on Affidavits—Review of Finding—Weighing Evidence by Supreme Court—Presumption.**

    Where, in a condemnation proceeding by a railroad, the trial court, upon motion by plaintiff to dismiss the proceeding, based upon affidavits and a stipulation, the court made a finding that pending the proceeding and before verdict plaintiff had "taken possession of the land, and had removed and was then remov-

ing large quantities of gravel therefrom," **held,** that such written evidence is subject to review of the Supreme Court unhampered by the rule that a trial judge is in a better position to intelligently weigh evidence than an appellate court. **Held, further,** that said finding is against the clear preponderance of the evidence, except as to a fraction of the land in question.

**4.    Same—Dismissal After Verdict and Before Judgment, Tenability of—Constitution, Statute—Expenses and Damages.**

Under Const., Art. 17, Sec. 18, forbidding the taking of private property for public use without compensation, "which compensation shall be paid or secured before such taking," and Code Civ. Proc., Secs. 863-878, providing for the procedure in condemnation proceedings, **held, that** condemnation proceedings in this state, though conforming in many respects to the proceedings in civil actions, are not declared by statute to be such actions; and said statutes contain no provisions expressly regulating the stage at which the condemning party may dismiss the proceeding; and it may be dismissed by plaintiff after return of verdict and before return of judgment thereon; which rule, however, does not relieve petitioner from liability for all legitimate expenses and injuries, if any, to respondent occasioned by the proceedings.

Appeal from Circuit Court, Roberts County. Hon. THOMAS L. BOUCK, Judge.

*J. O. Andrews, Howard Babcock, W. S. Lauder,* and *John L. Koeppler,* for Appellant.

*J. J. Batterton,* and *Cliff & Purcell,* for Respondent.

(2) To point two of the opinion, Appellant cited: Funk v. Waynesboro School Dist. (Pa.) 10 Atl. 427; Lewis on Eminent Domain (3d Ed.) 995; 2 Dill Mun. Corp. (3d Ed.) Sec. 609; Chicago, etc., R. Co. v. Gates, (Ill.) N. E. 527.

(4) To point four of the opinion, Appellant cited: O'Neill v. Freeholders, etc., 41 N. J. L. 161, 172, 173; Dist. of Columbia v. Hess et al., 28 L. R. A. (N. S.) 91; Manion v. Louisville, St. L. & T. R. Co., 90 Ky. 491, 14 S. W. 532; Simpson v. Kansas City, 111 Mo. 237, 20 S. W. 38; Lewis, Eminent Doman, (3d. Ed.) Secs. 955, 656; 7 Enc. Pl. & Pr., 674; 15 Cyc. 937; New Orleans etc., R. Co. v. Jones, 68 Ala. 48; Const., Art. 6, Sec. 13; Code Civ. Proc., Secs. 877, 875, 855; City of Lidgerwood v. Michalek et al., (N. D.) 97 N. W. 541; Brokaw v. Terre Haute, 97 Ind. 451; Denver & C. R. Co. v. Lamborn, (Colo.) 8 Pac. 582; Chicago v. Barbian, 80 Ill. 482.

Respondent cited: 30 Am. & Eng. Ann. Cases, 1058; Car-

son v. Hartford, 48 Conn. 68; Chicago Ry. Co. v .Truman, 18 Idaho 687, 112 Pac. 210; Crume v. Wilson, 104 Ind. 583, 4 N. E. 169; Dietricks v. Railroad Co.,. 12 Neb. 225, 10 N. W. 718; Pollard v. Moore, 51 N. H. 188; Sprague v. Northern Pacific Ry. Co., 100 N. W. 842; People ex rel. v. Highway Com'rs., 188 Ill. 150, 58 N. E. 989; Matter of Rhinebeck & C. R. R. Co., 67 N. Y. 242; Matter of Widening Broadway, 61 Barb. 483, 49 N. Y. 150.

C. C. P., Sec. 857; Bardstown etc., Co. v. Nelson Co., 109 Ky. 800; In re Waverly Water Works Co., 85 N. Y. 478-481; Sprague v. Northern Pacific Co., 100 N. W. 842.

SMITH, J.   Proceedings were instituted by plaintiff, a railway corporation, to condemn certain real property of defendant for a gravel pit for railway purposes. The tract sought to be condemned embraced 31.2 acres. The jury by their verdict assessed the defendant's compensation and damages at the sum of $7,000. Upon the coming in of the verdict, plaintiff gave immediate notice of its election, and did elect to abandon the condemnation proceedings, and that it did elect, not to take possession of or appropriate the property, or to pay the damages so assessed or any part thereof, and that it objected to the entry of any judgment except a judgment against it for any costs and damages which may have accrued to defendant. Motion upon affidavits to dismiss the proceeding was overruled, and judgment entered on findings and the verdict. Proper exceptions were taken. The appeal is from the judgment.

[1]   Respondent raises a question preliminary to a consideration of the merits of the appeal, viz., that the order denying appellant's motion to dismiss the condemnation proceedings is an appealable order; that the appeal herein is from the judgment alone, and not from the order, and, being independently appealable, the order sought to be reviewed is not an "intermediate order," within the meaning of the statute providing that "any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment, appearing upon the record transmitted or returned from the circuit court," may be reviewed on appeal from the judgment. Code Civ. Proc. § 463. We are clearly of opinion that such an order is reviewable upon an appeal from the judgment alone, when it is preserv-

ed in and appears upon the appeal record.   Demming v. Weston,.
15 Wis. 236; Neeley v. Roberts, 17 S. D. 161, 95 N. W. 921. 4
Corpus Juris, 680 (§ 2582).

[2-4]    At the trial, the following stipulation was made and
filed in open court by the parties.

"Stipulation.

"[Title of case.]    Whereas, by agreement of the parties, the
plaintiff has already been permitted to appropriate to its use two
acres of land sought to be condemned herein, and has paid to
defendant for said two acres the sum of three hundred ($300)
dollars: Now, therefore, it is stipulated that this action shall be
tried as though said two acres had not been so appropriated,
and that when a judgment shall be entered herein, if any, the
sum of three hundred ($300) dollars shall be deducted there-
from."

The agreement, whether oral or written, that, pending con-
demnation proceeding, plaintiff might enter upon and remove
gravel from two acres of defendant's land embraced within the
tract proposed to be condemned, upon payment of $300, and that
said sum might be deducted from any compensation which might
be ascertained for the appropriation of the entire tract, did not
constitute a purchase and sale of two acres of said land, nor of
the entire tract, as the transaction is disclosed by the record be-
fore us.   The two acres referred to in the stipulation were des-
cribed for the purposes of the action, so that they could be identi-
fied as land already appropriated—the two acres of land from
which gravel had been or was being taken.

[3]    The original agreement amounted to at least a license
to enter upon and remove gravel from a tract of land not exceed-
ing two acres in extent.   If plaintiff in removing gravel extended
its gravel pit to cover a small fraction of an acre more than
contemplated by such agreement, it became a tresspasser; but
such act of trespass certainly would not amount to a taking
possession of the entire tract proposed to be condemned.   The
record also discloses that, prior to or pending the condemnation pro-
ceedings, plaintiff made surveys of the land proposed to be taken,
and dug test holes at some half dozen places to ascertain the ex-

tent and quality of the gravel. But such acts certainly did not amount to taking possession of the tract. The acts disclosed amounted only to such investigation as ordinarily would be necessary to ascertain and determine to what extent the land was adapted to the uses for which plaintiff sought to appropriate it. It is conceded that plaintiff removed gravel only from one place, and even if the area of such tract exceeded, by a small fraction, an area of two acres, it would be absurd to hold that it amounted to taking possession of the whole thirty-one acres. There is not a scrap of evidence in the record tending to show that plaintiff by such acts intended to, or ever did, take possession or assume control of the whole tract, or that defendant ever consented or understood that plaintiff be given possession of the whole tract, until after compensation therefor had been ascertained and paid. Certainly the stipulation at the trial, referring to the two acres already appropriated, negatived any claim by either party that plaintiff had already taken possession of, or "appropriated," the entire thirty-one acres. It is true the trial court entered a finding that, pending the condemnation proceedings and before the verdict, plaintiff had "taken possession of the land, and had removed and was then removing large quantities of gravel therefrom"; but such finding was based upon the affidavits used upon the plaintiff's motion to dismiss the proceedings and the stipulation of parties above quoted, and such written evidence is subject to review by this court, unhampered by the rule that a trial judge, who has observed the demeanor of the witnesses, is in a better position to intelligently weigh the evidence than an appellate court In this case the trial court cannot be presumed to have read the affidavits and stipulation from any better position than that occupied by the judges of this court

The principle involved is that announced in Lavin v Kreger, 20 S. D. 80, 104 N. W. 909, and other cases decided by this court. We are of opinion the finding of the trial court referred to is against the clear preponderance of the evidence, except perhaps as to that portion of the land, about two acres in extent, from which gravel was removed under a special agreement between the parties. We have read the record with care, but it would serve no useful purpose to state the matters contained therein. They relate mostly to the oral negotiations to purchase two acres

of the tract, and the transaction in which plaintiff paid the defendant $300, and under which plaintiff thereafter removed, used, and appropriated quantities of gravel from the two-acre tract. It is sufficient to observe that the record wholly fails to show that plaintiff was ever in possession of the entire tract sought to be appropriated. We think it clear that plaintiff had not taken possession, and was not in possession, of any portion of the tract sought to be condemned except the two acres contemplated by the stipulation quoted. It is unnecessary, therefore, in this case, to consider the legal effect of taking possession, pending condemnation proceedings, upon the right to dismiss and abandon such a proceeding after verdict.

[4] But one question remains to be considered: May a condemnation proceeding be dismissed by the condemnor after verdict and before the entry of judgment upon the verdict? Section 18, art. 17, of the Constitution, forbids the taking of private property for public uses by municipal or other corporations without compensation, "which compensation shall be paid or secured before such taking, injury or destruction." The procedure is provided by chapter 40 (sections 863-878) of the Code of Civil Procedure. The beginning of the proceeding is the filing of a petition in the circuit court of the county or subdivision in which the property to be taken or damaged is situated, praying that the just compensation to be made for such property may be ascertained by a jury. The petition must name the corporation, etc., desiring to take or damage private property as plaintiff, and all persons having interest in or liens upon the property, as defendents; it must contain a description of the property to be taken or damaged. When a resolution is necessary, a copy must be attached to the petition; the purpose for which the property is to be taken or damaged must be clearly set forth in the petition, which must be verified in the same manner as pleadings in civil actions; and the verification must contain a statement that the proceeding is in good faith for the purposes specified in the petition. After the filing of the petition a summons may issue to the defendants, which must state the time and place of filing the petition, the nature of the proceeding, and notice that, if the defendants do not appear within 20 days from service, "plaintiff will apply to the court for an order to im-

panel a jury and ascertain the just compensation for the property proposed to be taken or damaged in such proceeding." Provision is made for service upon unknown and nonresident parties. Impaneling the jury, the trial, and the rendering of the verdict are to be conducted in the same manner as trials of actions in the circuit court. No pleadings are necessary, except the petition of plaintiff, and such as may be necessary to enable the court to determine conflicting claims to compensation. The only issue or question determined by the jury is "the amount of compensation to be paid for property taken or damaged."

Section 875 provides:

"Upon the return of the verdict the court shall order the same to be recorded, and shall enter such judgment thereon as the nature of the case may require, and that the plaintiff shall pay to the persons entitled thereto the amount of such compensation as shall be ascertained by said verdict or deposit the same as the court may direct."

Appeals to the Supreme Court are allowed in all cases; "but such appeals shall not stay the right of the plaintiff to take possession of the land and property so taken or damaged: Provided, that before taking possession thereof, the plaintiff shall pay to the clerk of said circuit court for the use of the party or parties to whom the damages shall be awarded by the verdict such sum or sums as shall be awarded and shall give to the defendants a bond in such sum, if any, as the court shall direct, to secure the defendant in the payment by the plaintiff of such additional sum as may be awarded to the defendant in the future proceedings therein." C. C. Proc. 877.

An examination of the statutes of the various states discloses that they differ not so much in the general principles which underlie and control the substantive rights of the parties, as in procedure. In many of the states statutes exist which in direct terms or by necessary implication determine the point at which, or the period within which, condemnation proceedings may be dismissed. It will be observed that condemnation proceedings in this state, though conforming in many respects to the proceedings in civil actions, are not declared by the statute to be civil actions. Neither do the statutes contain any provisions expressly regulating the stage at which the condemning party may dismiss

or abandon the proceedings.   Under constitutional provisions and statutes which do not contemplate the passing of title before confirmation or judgment, the proceedings may be dismissed, after an award has been made or verdict returned.   Dist. of Columbia v. Hess et al., 28 L. R. A. (N. S.) 91, note.   In Cunningham v. Memphis R. T. Co., 126 Tenn. 343, 149 S. W. 103, Ann. Cas. 1913E, 1058, to which is appended an extensive note, the learned annotator says:

"In the absence of statute fixing the time within which a discontinuance may be had, the general rule is unquestioned that an eminent domain proceeding may be discontinued at any time before the rights of the parties have become reciprocally vested. * * * The decisions will be found to divide into two general groups, the majority holding that the rights of the parties are not vested until the amount of the award is paid or the land is taken, while in some jurisdictions it is held that the confirmation of the award vests the rights of the parties and precludes discontinuance.   The matter is, however, so largely dependent on the local statutes that few, if any, of the rules can be said to be of general application, and it is deemed best to discuss the question by jurisdictions."

An attempt to analyze the statutes and decisions of the various states would extend this opinion beyond reasonable limits. There are certain general principles, however, recognized in a large majority of the states, and which do not conflict with, but are rather in accord with, our own constitutional and statutory provisions, upon which a decision in this case may be rested. In O'Neill v. Freeholders, 41 N. J. Law, 161, in a general discussion of condemnation statutes, the court says:

"The legal effect of such acts should be held to be that they compel the landowner to offer the public the required land at the ascertained price, and that, when such price has been fully ascertained, the public has a reasonable time within which to make an election either to accept or reject the offer."

In Lewis' Eminent Domain (3d Ed.) § 955, the learned author says:

"The weight of authority undoubtedly is that, in the absence of statutory provisions on the question, the effect of proceedings

for condemnation is simply to fix the price at which the party condemning can take the property sought."

In 15 Cyc. 937, it is said that, in the absence of statutes to the contrary, the rule is that:

"The condemnation proceedings may be dismissed or abandoned at any time prior to final judgment or final confirmation of the report of the commissioners or appraisers appointed to assess damages or compensation, or before compensation has been paid or deposited in the manner provided by law, or the right of the property owner to compensation has otherwise become vested."

In 7 Enc. Pleading and Practice, 647, it is said:

"There is not even a cavil as to the correctness of this rule, but as to the time when the rights of the parties become vested there is a diversity of opinion. There seems to be no denial of the right of the condemning party to abandon the p oceedings where they have not been confirmed or consummated. It may do so * * * either before the submission of the inquiry to the jury, or after verdict and prior to judgment."

In O'Neill v. Freeholders, supra, Chief Justice Beasley says:

"On every account, that rule commends itself to my judgment. With respect to the landowner, the procedure is fair and just. It calls for a reasonable valuation of his land, and if the public reject it at such estimation, he suffers, in general, no detriment; and if, in any exceptional case, any injury is done to him, he is entitled to reparation. On the other side, the rule in question is a necessity in view of the rational conduct of public affairs. The question whether a projected improvement is wise or unwise, expedient or inexpedient, cannot be answered by any one who is ignorant of the expense that it involves, and therefore to require public agents, in handling these matters, to disregard this plain dictate of common sense, would be altogether absurd. A man of prudence relinquishes a project when he finds the cost is likely to exceed, in a large measure, its benefits; it would seem intolerably unreasonable to require the agent of the public to pursue the opposite course."

A further discussion or multiplication of authorities would serve no useful purpose. We hold that under our statutes a condemnation proceeding may be dismissed by the plaintiff after

the return of the verdict and before the entry of judgment upon the verdict. It is unnecessary in this case to consider the right of dismissal after judgment. This rule, however, does not relieve the petitioner from liability for all legitimate expenses and injuries, if any, to respondent, occasioned by such proceedings.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.