REDFIELD, Appellant, v. DAVIS, Respondent.

(176 N. W. 512.)

(File No. 4606. Opinion filed February 19, 1920.)

**Habeas Corpus—Judgment of Discharge, Respondent's Right to Cost, Statute as Basis—Non-applaicble Statute.**

Where, in a habeas corpus proceeding, judgment grants respondent his liberty, costs would be taxed in his favor if court

had such power, as he should be entitled to costs.   But court's, power to allow costs rests upon express statute, no implied or inherent power existing, and as Sec. 2600 Rev. Code 1919, does not authorize taxation of costs in habeas corpus proceedings, (it not being a civil action, Sec. 2093 Rev. Code 1919) prayer for modification of former judgment re costs is refused.

Proceding in habeas corpus by Guy C. Redfield, as warden of the state penitentiary, against James F. Davis. Application for modification of judgment of Supreme Court, re costs to respondent.   Application denied.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Appellant.

*Christopherson, Melquist & Davenport,* for Respondent.

Respondent cited, to point that costs are allowable in habeas corpus proceedings:   21 Cyc. 384, and cases there cited; Sec. 2611, Rev. Code 1919.

WHITING, J.   This court filed an opinion herein, wherein it sustained the trial court which had, in habeas corpus proceedings, granted respondent his liberty.   See Redfield v. Davis, 174 N. W. 741.   In the judgment entered by this court, costs were not allowed in respondent's favor.   He now seeks to have such judgment modified, so that it will allow him costs.

[1, 2]   If we had power so to do, costs would be taxed in respondent's favor.   He had to go into court to free himself from unlawful imprisonment.   He was then forced to appear in this court and resist appellant's efforts to get the judgment of the lower court reversed.   Where one is compelled to defend a judgment granting him his liberty, and is successful in such defense, he certainly should be entitled to costs.   But the power of any court to allow costs rests upon express statute; there is no implied or inherent power.   7 R. C. L. 781; 15 C. J. 21-23. Section 2600, Rev. Code 1919, authorizes costs to be taxed "in civil actions and in certiorari, mandamus and prohibition proceedings.'   Habeas corpus is not a civil action.   Section 2092, Rev. Code 1919; In re Hammill, 9 S. D. 390, 69 N. W. 577.

The modification prayed for is refused.