The South Dakota Railroad Commission entered its order requiring the Buckingham Transportation Company to desist from transporting to other South Dakota points certain goods transported from without the state to Rapid City by rail in a pool car. Appeal to the circuit court, and from an affirming judgment of the circuit court to this court, pursuant to Chapter 204, Laws of 1937, resulted in a reversal and a direction to dismiss the complaint. Buckingham Transportation Company of Colorado, Inc., v. Black Hills Transportation Company et al.,66 S.D. 230, 281 N.W. 94.
In accordance with the judgment entered by this court, the clerk taxed costs in favor of the appellant in the sum of $201.68. We are now required to consider the motion of respondent, the Black Hills Transportation Company, to so modify our judgment as to omit any reference to costs.
[1, 2] It is contended by respondent that this court exceeded its powers in entering judgment for costs. The position is well taken. Costs, as such, were unknown to the common law, and the courts are without inherent power to tax costs. One claiming the right to costs must be able to point to a specific statute authorizing the award. Redfield v. Davis, 42 S.D. 556, 176 N.W. 512; Kirby v. Circuit Court of McCook County, 10 S.D. 196, 72 N.W. 461; Gage v. Dunning et al., 46 S.D. 553, 194 N.W. 1021; Macomb v. Lake County et al., 13 S.D. 103, 82 N.W. 417; Drake v. Vernon, 26 S.D. 354, 128 N.W. 317; Elfring et al. v. New Birdsall Company, 17 S.D. 350, 96 N.W. 703; Wold v. S.D. Central Railway Company, 23 S.D. 521, 122 N.W. 583; 14 Am. Jur. pages 6 and 58; 15 C.J., pages 21 and 239.
The general grant of power to tax costs is found in § 2600, Rev. Code of 1919. It is there said: "* * * But in civil actions and in certiorari, mandamus and prohibition proceedings there may be allowed to the prevailing party certain sums by way of indemnity for his expenses in the action or proceeding, which *Page 435 
allowances are termed costs." That this is not an action (cf. § 2091, Rev. Code of 1919) and is not a special proceeding in certiorari, mandamus or prohibition, is evident. Neither the industry of counsel nor the diligence of the court have brought to light any special statute expressly clothing us with power to award costs herein.
It is said that the authority to enter judgment for costs should be implied from the language of Chapter 204, Laws of 1937, supra, dealing with a bond for costs. In that chapter, in providing for an appeal to the circuit court from the Railroad Commission, provision is made for a bond "conditioned for the payment of the costs of appeal if said appeal should be withdrawn or dismissed, and for the refunding to any person, firm, corporation or association of any moneys collected in violation of the provisions of the final order or determination appealed from." In dealing with the appeal from the circuit court to this court, the chapter says, "No additional bond shall be required on such appeal."
[3] The logic of implying a broad general power to impose costs and fix the items thereof in connection with a determination on the merits, because the Legislature made provision for a bond to answer for costs "if said appeal should be withdrawn or dismissed," might well be questioned. However, we rest our conclusion on broader grounds. In our judgment, the authority to tax costs should never be implied, but should rest upon a clear statutory grant of power. Redfield v. Davis, supra; 15 C.J. 23.
Our order will be that our judgment heretofore entered in the above entitled cause be modified so as to omit the award of costs contained therein.
All the Judges concur. *Page 436