Charles C. GIBBS, Plaintiff and Appellant,

v.

W. A. JACOBSEN, Defendant
and Respondent.

No. 8151.

Supreme Court of North Dakota.

Aug. 12, 1965.

Vogel, Ulmer & Bair, Mandan, for plaintiff and appellant.

Joseph P. Stevens, Minot, for defendant and respondent.

STRUTZ, Judge (on reassignment).

The defendant, a duly licensed attorney in the State of North Dakota, was at all times pertinent to this action also the duly elected, qualified, and acting county justice of the peace of McKenzie County. As an attorney, he represented the plaintiff's wife in divorce proceedings. During a recess in the divorce proceedings, the defendant as county justice issued a warrant for the arrest of the plaintiff on charges of nonsupport. The record is silent as to whether this warrant was issued on a criminal complaint approved by the State's Attorney of the county, or whether it was issued by the defendant as county justice on his own motion. A warrant so issued by the defendant

as county justice was served upon the plaintiff and he was held in custody for a portion of one day, and then he was released on bond. Pursuant to a motion of the plaintiff, the district court ordered the warrant quashed on the ground that the defendant as county justice had a personal and pecuniary interest in the matter, in violation of Section 33–01–24, North Dakota Century Code.

Thereafter, the plaintiff commenced this action for damages for malicious prosecution. The trial court ordered the plaintiff's complaint dismissed on the ground that it failed to state a cause of action. From the judgment entered on such order, the plaintiff has appealed to this court.

■ The only question to be determined on this appeal is whether the plaintiff's complaint states a cause of action against the defendant. The motion to dismiss a complaint for failure to state a claim upon which relief can be granted, where matters outside the pleadings also are presented to the court, shall be treated as one for summary judgment. Rule 12(b), N.D.R.Civ. Procedure. However, no matters outside the pleadings were presented in support of the motion, and therefore the motion cannot be treated as one for summary judgment.

As far as the allegations of the plaintiff's complaint and the record in this case show, the warrant was issued by the defendant without approval of the complaint by the State's Attorney. The district court, in its order quashing the warrant, found it to be a nullity and void under the provisions of Section 33–01–24, North Dakota Century Code, which section prohibits a county justice from acting in any proceeding before himself in which he shall have a personal or pecuniary interest, either for himself or as the agent or attorney for any other person.

■ Counsel for the defendant contends that the defendant acted only after the State's Attorney approved the criminal complaint and ordered the warrant to issue. There is nothing, however, in the record to sustain this contention, since the criminal complaint is not made a part of the record in the case.

On the record before us, we believe that the defendant's motion to dismiss the plaintiff's complaint, on the ground that it fails to state a claim upon which relief can be granted, should have been denied, and we therefore reverse the order of the district court and the judgment of dismissal entered thereon.

BURKE, C. J., and ERICKSTAD and TEIGEN, JJ., concur.

KNUDSON, J., not being a member of the Court at the time of submission of this case, did not participate.