Theodore HOFFMAN, Plaintiff and Respondent,

v.

Carl E. BERRY, doing business as Berry Equipment Company of Pierre, South Dakota, Defendant and Third-Party Plaintiff and Respondent,

v.

McGRAW-EDISON COMPANY, a corporation, Third-Party Defendant and Appellant.

No. 8264.

Supreme Court of North Dakota.

Jan. 7, 1966.

Rehearing Denied Jan. 21, 1966.

Conmy, Conmy & Feste, Fargo, for appellant.

Burke & Hodny, Grafton, for plaintiff and respondent.

DePuy, Fair & O'Connor, Grafton, for defendant and third-party plaintiff and respondent.

Malcolm D. Young, of Young, Denenberg & Mullery, Omaha, Nebraska, of counsel.

TEIGEN, Judge.

The third-party defendant has appealed from a judgment dismissing the third-party complaint without prejudice and without costs to either party. The motion was made by third-party plaintiff under Rule 41(a)(2), N.D.R.Civ.P., and was resisted by third-party defendant. It is assigned it was error to dismiss without prejudice and without awarding any costs for expense moneys or attorney's fees.

In June 1962 the plaintiff commenced an action against the defendant seeking to

recover damages because of alleged breach of contract for sale and delivery of certain dry-cleaning equipment. On October 5, 1962, the defendant, as third-party plaintiff, served a third-party complaint upon the third-party defendant, alleging that the third-party defendant was responsible for his failure to deliver the dry-cleaning equipment and prayed for liability over for all of the plaintiff's recovery. The third-party plaintiff also asserted a claim against the third-party defendant for his normal profit on the sale.

The court ordered a severance and the action of the plaintiff, Hoffman, was tried separately. It resulted in a judgment for the plaintiff.

On October 8, 1962, three days after the third-party complaint was served, the third-party plaintiff commenced another action against the third-party defendant in federal court in which action he seeks to recover damages and sales commission from the third-party defendant for various and sundry contract breaches and negligence in supplying equipment. The transaction alleged in this action was not specifically set out in the federal action but it is agreed the time coverage would probably permit proof of this transaction in the federal action.

The third-party action was set for trial on March 4, 1964, and on March 2, 1964, the third-party plaintiff's attorneys advised they would seek to dismiss the third-party action and, on March 3, 1964, served notice of motion to dismiss without prejudice and without costs. The hearing was set for March 5, 1964. The third-party defendant resisted the motion to dismiss and asked it be granted expenses and reasonable attorney's fees if the motion is granted.

The third-party defendant filed its return to the motion and, at the trial court's request, a copy of the complaint and answer in the federal action was furnished. Attached to the return was the affidavit of one of the attorneys for the third-party defendant. The affidavit sets forth in detail the expenses incurred and the time consumed in preparation for trial of the third-party action. It lists expenses of $816.64 for travel, telephone toll, postage, depositions, and the transcript of the trial of the original complaint. It states that attorneys for third-party defendant had spent approximately 25 days in preparation for trial and avers a fair and reasonable value for services rendered in the sum of $1,500. The motion to dismiss is premised on the ground that there is presently pending in federal court an action, the purpose of which is to recover damages from the third-party defendant incurred as a result of this transaction, together with damages for 14 other similar transactions. He also avers that all preparation made for trial in this case can be used in the trial of the federal case; that if the case is not dismissed, it will be necessary for the parties to try two actions, one in the state court and one in the federal court; and that it will be less expensive and less time consuming for both parties to try all claims in the federal action.

The motion to dismiss was resisted on the grounds that the motion was not timely made; that the third-party defendant had arranged for witnesses to testify, some of whom would come great distances; that the instant case is an action in contract, whereas, the federal case is a tort case; that the federal case is not at issue; that there are three other federal cases pending involving the same facts which apparently are held up in the court of appeals; and that the pending federal case will probably await the outcome of the cases in the appeals court. The third-party defendant also argued that some of the preparation for trial could not be used in the federal case, although it is conceded that much of it is usable. After the argument, the trial court took the matter under advisement and on February 24, 1965, entered its order dismissing the third-party proceedings without prejudice and without costs to either party. Judgment of dismissal was entered on March 18, 1965.

The trial court found that the third-party action involved the same parties and the same or similar issues as the federal case, except that the federal case involved other similar transactions as well; and that to proceed with the trial of the instant action would be a duplication of effort and expense on the part of the parties. The trial court also stated in the order that it was of the opinion that, under the laws and the Rules of Civil Procedure of this State, the defendant was not entitled to costs, expenses, or attorney's fees, except as provided in Rule 41(d), N.D.R.Civ.P.

■ We are first confronted with a practice question. The third-party plaintiff asserts that an order dismissing an action is not appealable. He cites in support of this contention City of Minot v. Minot Highway Center, Inc., N.D., 120 N.W.2d 597. We have frequently held that an order dismissing an action is not appealable. Third-party plaintiff has overlooked the fact that in this case a judgment of dismissal was entered and the appeal is taken from the judgment.

The judgment of dismissal entered in this case is final in the sense that it terminates this particular action. It is a final determination of the rights of the parties in this action. Judgments of dismissal are appealable, as well as judgments on the merits. In re Manikowske's Estate, N.D., 136 N.W.2d 455, 457; Gibbs v. Jacobsen, N.D., 136 N.W.2d 550; Lang v. General Motors Corporation, N.D., 136 N.W.2d 805.

We will now consider the merits of the appeal. This was a motion by the third-party plaintiff for a voluntary dismissal of the third-party claim pursuant to Rule 41(a) (2), N.D.R.Civ.P. The motion was not made until after the service of the answer and in that case the rule provides:

"* * * an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

■ Subdivision (c) of the rule provides that the provisions of the rule apply to the dismissal of a third-party claim where a responsive pleading is served. In this case the motion was not made until after the service of the answer to the third-party complaint was served and thus paragraph (2) of subdivision (a) of the rule governs. It is clear that a motion for voluntary dismissal under Rule 41(a) (2) is within the sound judicial discretion of the court and the order is reviewable only for abuse of discretion. The federal courts have so held many times in construing the federal rule —41(a) (2), 28 U.S.C.A. See Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Civil, Vol. 2B, Sec. 912.

The two rules, state and federal, insofar as the state rule has been quoted herein, are identical. The interpretation by the federal courts in this respect is a proper interpretation and is acceptable to us.

■ The trial court did not abuse its discretion in ordering a dismissal of the action without prejudice. It found that the same, or similar, issues and parties were involved in the federal action and that to proceed in the trial of the instant case was a duplication of expense and effort for both parties. On this premise the trial court ordered a dismissal of the state action.

We find, however, that the trial court did err when it ruled that the dismissal should be without costs to either party for the reason that "the defendant is not entitled to costs, expenses, deposition costs and a reasonable attorney's fee, except as provided in Rule 41(d) of the North Dakota Rules of Civil Procedure." The trial court has misinterpreted the rule and it did not exercise discretion on this question. It found it had no power to assess costs or expenses under our rules. The trial court erred. Rule 41 (d) provides:

"Costs of Previously Dismissed Action. If a plaintiff who has once dismissed an action in any court commences an action based upon or in-

cluding the same claim against the same defendant, the court may make such order for the payment of costs assessed in the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

This rule clearly contemplates that costs were assessed in the action previously dismissed as it, in part, provides:

"* * * the court may make such order for the payment of costs *assessed in the action previously dismissed* as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order." (Emphasis supplied.)

This is in harmony with the terminology contained in subdivision (2) of paragraph (a) that the court may order dismissal "upon such terms and conditions as the court deems proper."

▆ Thus paragraph (d) provides a method for the enforcement of the court's order directing the payment of costs assessed when the previous action was dismissed. The "terms and conditions" that may be imposed upon the granting of a motion for a voluntary dismissal are for the protection of the defendant and the philosophy which should govern the courts in passing on such requests is well stated in 36 Minnesota Law Review, page 673:

"* * * Under this latter section, the dismissal with the consent of court is usually without prejudice, but may be made on terms that will tend to prevent the laxity with which suits are often prosecuted and the harrassment which often results to litigants by suits that are commenced without any intention of actually proceeding to trial. * * * Where a dismissal is made only upon obtaining consent of the Court, conditions may be provided and costs allowed, and those costs should not be only nominal. They should recognize the extent of the preparation that defendant has been subjected to in

preparing his answer and getting ready for trial, and if the courts follow the practice of assessing substantial costs, such practice will tend materially to lessen the institution of frivolous and unmeritorious lawsuits."

The purpose of the rule was to eliminate the evils resulting from the unqualified right of the plaintiff in most cases to take a voluntary nonsuit at any time before trial, as permitted before the adoption of the North Dakota Rules of Civil Procedure by Section 28–0801, N.D.R.C. of 1943.

▆ In this case the third-party plaintiff moved for a dismissal upon the conditions that it be granted without prejudice and without costs to either party. Thus he stipulated the conditions and dismissal would not be voluntary if more onerous conditions are imposed by the court. We believe that under such circumstances the trial court, in exercising its discretion in granting a dismissal, may nevertheless impose such terms and conditions as it deems proper under the circumstances. However, if the movant finds the conditions unacceptable, he should be permitted not to accept the dismissal. In other words, where the movant stipulates the conditions upon which he asks for a dismissal and the court in the exercise of its judicial discretion decides it will grant the dismissal, but upon terms and conditions other than those stipulated by the movant, then the order of the court ordering a dismissal of the action should be conditioned on the acceptance of the terms and conditions imposed by the court before judgment may be entered, or, as an alternative, it could refuse to grant the motion for dismissal until the terms and conditions as determined by the court are met. The terms and conditions of a dismissal may include an assessment of costs but such assessment is not governed by the statute on costs and disbursements in civil actions. The rule places no such limitation upon the court. In determining what is proper, the trial court should consider the extent of the preparation to defend the action and the reasonable expenses that the

adversary has incurred in relation thereto, together with any other facts and circumstances of the case and the parties that will assist the court in making a proper determination.

In the instant case, the third-party plaintiff commenced a federal action only three days after he commenced the state action. However, he permitted one and one-half years to elapse before he moved for a dismissal of the state action. According to the affidavit submitted, the third-party defendant incurred considerable expense heretofore referred to in preparation for trial. How much of the work product and the preparation for trial made by the third-party defendant to defend the state action may be used in the defense of the federal action is not made clear in the record before us, nor do we know the circumstances of the parties. However, the question is not before this court as the appeal is not here de novo.

For the reasons aforesaid, we reverse the judgment and remand the matter to the trial court for further proceedings in accordance with this opinion.

KNUDSON, J., concurs.
STRUTZ and ERICKSTAD, JJ., concurring specially.

BURKE, C. J., did not participate.

STRUTZ, Judge (concurring specially.)

I concur with the holding of the majority in this case that the court, in its discretion, may impose terms and assess as costs reasonable expenses incurred by the adverse party in preparation for trial, in the light of all of the facts and circumstances of the parties. But, on this appeal, one of the specifications of error is that the court did not allow attorney fees incurred by the adverse party. I believe it should be clearly pointed out that attorney fees may not be assessed as part of the costs incurred. This court has heretofore held that attorney fees

may not be taxed unless specifically authorized by statute.

While the court has the authority to allow such voluntary dismissal on such terms and conditions as the court, in its discretion, may deem proper, it cannot impose the payment of attorney fees as one of the conditions on which such voluntary dismissal will be permitted.

ERICKSTAD, J., concurs.

On Petition for Rehearing.

TEIGEN, Judge.

The appellant, through a petition for rehearing, asks for a clarification of the decision or that a rehearing be granted with a fifth judge called in to participate. He premises his request on the basis that the principal opinion signed by two judges does not rule that "terms and conditions as the court deems proper" may not include an allowance for attorney's fees; whereas, two judges by their special concurrence said the trial court "cannot impose the payment of attorneys fees as one of the conditions on which such voluntary dismissal will be permitted." For this reason alone he asks that the fifth judge, who sat on the arguments but did not participate in the decision because he was ill at the time the decision was rendered, sign the principal opinion or the special concurrence so the lower court may know how to proceed, or that a rehearing be granted at which another judge be called in to sit.

The matter having again been considered by the whole court, and Judge Burke, who was unable to participate at the time the original decision was released because of illness, having now fully considered the matter, joins in the principal opinion and adds his signature thereto. For this reason, the rehearing is denied.

KNUDSON, BURKE, C. J., and STRUTZ, and ERICKSTAD, JJ., concur.