CITY OF ABERDEEN, a Municipal Corporation, of the State of South Dakota, Plaintiff and Appellant,

v.

Charles H. K. LUTGEN, Defendant and Appellant.

Nos. 12014, 12048.

Supreme Court of South Dakota.

Argued Oct. 12, 1978.

Decided Jan. 4, 1979.

Rehearing Denied March 8, 1979.

Charles B. Kornmann of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for plaintiff; Robert D. Miller, Aberdeen, on the brief.

Joe L. Maynes of Maynes, Tonner, Maynes & Tobin, Aberdeen, for defendant; Thomas M. Tobin of Maynes, Tonner, Maynes & Tobin, Aberdeen, on the brief.

MORGAN, Justice (on reassignment).

This case involves a condemnation proceeding filed by the City of Aberdeen (city) against land owned by Charles Lutgen (Lutgen). The action was tried to a jury in Brown County and a verdict was rendered in favor of Lutgen, valuing the property in question at .$22,877.71. Immediately following the return of the verdict and prior to entry of judgment on the verdict, the city moved to abandon and discontinue the condemnation proceedings. After submission of briefs and oral argument, the trial court granted the city's motion to dismiss and ordered the city to pay Lutgen's taxable costs after finding that Lutgen was not entitled to be allowed attorney fees as a part of taxable costs. Lutgen appeals from the dismissal of the condemnation proceeding and denial of attorney fees as costs. The city appeals from the taxation of costs to the city. We affirm in part and reverse in part.

The issues on appeal are basically as follows: (1) whether a condemnation proceeding may be dismissed by the condemnor after the verdict is rendered, but before entry of judgment upon the verdict in favor of the condemnee; (2) whether the trial court erred in taxing certain costs against the city; and (3) whether the trial court erred in disallowing reasonable attorney fees as a part of taxable costs.

The first issue has been addressed by this court and has been answered in the affirmative. *Fairmont & V. Ry. Co. v. Bethke,* 1916, 37 S.D. 446, 159 N.W. 56. The reasoning therein followed the general rule that an eminent domain proceeding may be discontinued at any time before the rights of the parties have become recipro-

cally vested. The condemnation proceedings merely fix a price or value, and a verdict does not vest title in the condemnor. Therefore, a condemnation proceeding may be dismissed by the condemnor after the verdict is rendered but prior to entry of judgment upon the verdict.

■ The second issue raised by Lutgen is the action of the trial court in refusing to tax attorney fees as costs against the city. Into this argument is interwoven the city's argument on cross-appeal that the trial court should not have taxed any costs. We must first sort these out by distinguishing between costs and terms. It must be remembered that the taxation of costs was unknown to the common law, and the courts are without the inherent power to tax costs. The authority to tax such costs should not be implied, but must rest upon a clear legislative grant of power to do so. *State Highway Comm. v. Hayes' Estate,* 82 S.D. 27, 140 N.W.2d 680 (1966); *Buckingham Transp. Co. v. Black Hills Transp. Co.,* 66 S.D. 433, 285 N.W. 300 (1939).

The taxation of costs in condemnation actions has been generally accepted in South Dakota case law [1] and the legislature, by statute,[2] has limited the assessment of costs in condemnation actions only if the condemnee fails to obtain a judgment for a sum greater than that offered by the condemnor, and has directed that in the latter instance each party pay his own costs.

■ The city urges that because the verdict did not result in a judgment in favor of Lutgen he cannot recover costs. The taxation of costs is prescribed in SDCL 15–17. In civil actions, costs are allowed to the prevailing party. SDCL 15–15–1. The prevailing party is the party in whose favor the decision or verdict is or should be rendered and judgment entered. 20 C.J.S.

Costs § 8, p. 266. In the present case, the verdict was rendered in favor of Lutgen in the amount of $22,877.71, and Lutgen would have to be considered the prevailing party for the purpose of taxing costs even though the city voluntarily dismissed the condemnation proceeding prior to judgment.[3]

■ At the time the trial court considered the taxation of costs, SDCL 15–17–4 provided for the following miscellaneous fees and evidentiary expenses to be allowed as costs: "witnesses', interpreters', translators', officers', and printers' fees and the necessary expense of taking depositions and procuring necessary evidence."[4] The allowance of costs is within the discretion of the trial court. SDCL 15–17–16. We find that the taxation of costs in the amount of $723.22 was within the call of the statutes as proper fees and necessary expenses of taking depositions and procuring necessary evidence with the exception of an allowance of a fee of $30.60 for the service of process. Therefore, costs were properly taxable in the amount of $692.62 and shall be modified accordingly.

We then turn to Lutgen's argument that the trial court erred in disallowing reasonable attorney fees as a part of taxable costs. While we agree with the city that attorney fees are not properly taxable as costs, we hold that in this case they were properly taxable as terms.

■ While a condemnation action is a special action instituted by the condemnor under SDCL 23–35 and the only triable issue is the amount of damages, it is governed by the rules of civil procedure where not inconsistent or in conflict with SDCL 23–35.[5] SDCL 23–35 makes no reference to voluntary dismissal, so we turn to SDCL

---

1. *State Highway Comm. v. Hayes' Estate,* 82 S.D. 27, 140 N.W.2d 680 (1966).

2. SDCL 21–35–11.

3. This is fully consistent with the general rule that where a plaintiff voluntarily dismisses his action, the defendant is entitled to recover costs. 20 Am.Jur.2d, Costs, § 18.

4. The legislature has since amended the statute to include fees for the service of process and filing fees to the list of miscellaneous fees and evidentiary expenses. S.L.1977, Ch. 172, § 3.

5. SDCL 15–6–81(a); SDCL 15–6 Appendix A.

15–6–41(a)(2) [6] which provides that an "action shall not be dismissed at the plaintiff's instance save upon order of the court *and upon such terms and conditions as the court deems proper.*" (Emphasis added.) The issue then is terms and conditions, and not costs. We would be blind if we did not realize that most, if not all, condemnation proceedings are defended by counsel on a contingent fee basis. It would be unconscionable to penalize counsel for a job well done where he was so effective as to secure a result that causes the condemnor to decide to pull out. In this regard we adopt the holding of the North Dakota Supreme Court in *Hoffman v. Berry*, N.D., 139 N.W.2d 529, 533 (1966), where that court stated: "The 'terms and conditions' that may be imposed upon the granting of a motion for a voluntary dismissal are for the protection of the defendant." The North Dakota Court goes on to cite from 36 Minnesota Law Review, page 673:

'Where a dismissal is made only upon obtaining consent of the Court, conditions may be provided and costs allowed, and those costs should not be only nominal. They should recognize the extent of the preparation that defendant has been subjected to in preparing his answer and getting ready for trial, and if the courts follow the practice of assessing substantial costs, such practice will tend materially to lessen the institution of frivolous and unmeritorious lawsuits.' 139 N.W.2d at page 533.

We therefore modify costs as herein provided and reverse the portion of the judgment and order denying assessment of attorney fees and remand it to the trial court to fix the terms, which could include a reasonable amount for attorney fees to be determined by the court on a quantum meruit basis.

WOLLMAN, C. J., and DUNN, J., concur in part and dissent in part.

ZASTROW and PORTER, Justices, concur.

DUNN, Justice (concurring in part and dissenting in part).

I concur with the majority opinion conclusion that a condemnation proceeding may be dismissed by the condemnor after the verdict is rendered but before entry of judgment upon the verdict in favor of the condemnee. I further concur with the taxation of costs as modified.

I must dissent, however, from the majority's disposition of the attorney fees question. The only issue before us is whether the trial court erred in disallowing attorney fees as a part of taxable costs. I would hold that the trial court did not err in disallowing the taxation of attorney fees as a part of costs.

The majority seems to agree that attorney fees cannot be allowed as costs, but on their own motion at the appellate level would grant terms to Lutgen whereby attorney fees would be paid to a person not a party to this lawsuit and to whom Lutgen owes nothing under his fee contract!

Aside from the fact that this issue is not before us, this seems to be a rather cumbersome method of correcting the inequities inherent in a situation where a landowner is forced to defend his property against the condemning authority, and as in Lutgen's case, the condemnor abandons the condemnation after a favorable verdict is rendered but before judgment is entered. I would suggest that the matter might better be taken to the legislature for the enactment of a statute allowing reasonable attorney fees upon abandonment of a condemnation action by the state or a municipality. See Minnesota statute M.S.A. 117.195 and Wisconsin statute W.S.A. 32.06(9)(a).

I would affirm the judgment of the trial court.

I am authorized to state that WOLLMAN, Chief Justice, joins in this concurrence in part and dissent in part.

6. SDCL 15–6–41(a)(2), Supreme Court Rule adopted March 29, 1966, effective July 1, 1966.