**SALEM SALES, INC., Plaintiff and Appellee,**

v.

**Robert L. BROWN, in his capacity as Sheriff of Hanson County; Hanson County, South Dakota; and Sherman Letcher, Lloyd Kunkel and William Pierson, in their official capacities as Commissioners of Hanson County, South Dakota, Defendants, Third Party Plaintiffs and Appellants,**

v.

**NORWEST BANK OF SOUTH DAKOTA, N.A., Third Party Defendants and Appellees.**

No. 16480.

Supreme Court of South Dakota.

Considered on Briefs April 24, 1989.

Decided July 19, 1989.

James R. Davies, Alexandria, for defendants, third party plaintiffs and appellants.

Mike Wilson, Mitchell, for third party defendants and appellees.

GROSSHANS, Circuit Judge.

## ACTION

This is an appeal from the decisions of the circuit court granting summary judgment in favor of Norwest Bank of South Dakota (Norwest Bank) and Salem Sales, Inc. (Salem) and against Hanson County Sheriff Robert R. Brown (Sheriff Brown) and Hanson County. We affirm.

## FACTS

Norwest Bank obtained a judgment of foreclosure against Leroy and Lucille Goehring (Goehrings) concerning certain farm real estate in Hanson County. After the redemption period had expired, Sheriff Brown sold the real estate to Norwest Bank and a sheriff's deed was issued.

The Goehrings remained in possession. Norwest Bank brought an action for forcible entry and detainer and obtained a judgment. As a result, the clerk of courts, under the seal of the circuit court, issued a writ of execution. The writ of execution read, in part:

Now, you the Sheriff of Hanson County, South Dakota, are hereby commanded to take with you the power of Hanson County, if necessary, and to cause the Defendants Leroy Goehring and Lucille Goehring to be forthwith removed from the above described property and to grant to the Plaintiff [Norwest Bank] above named peaceable possession thereof, and to make return of this execution with what you have done endorsed thereon ...

Pursuant to this writ, and in the performance of his duties, Sheriff Brown contracted with Salem to assist him in moving the Goehrings' property off of Norwest Bank's real estate. Salem did so and submitted a $3,735.00 bill to Sheriff Brown. There is neither a dispute as to the reasonableness of the bill nor a dispute about the facts. Sheriff Brown, in turn, submitted the bill to Norwest Bank which refused to pay the bill contending that these fees and costs were, by statute, not taxable. Sheriff Brown and Hanson County refuse to pay the bill contending that these fees are properly chargeable against Norwest Bank because Sheriff Brown was acting as its agent in executing the writ and because a sheriff has implied power to charge his expenses incurred in civil litigation to the party on whose behalf he incurs the expenses.

## ISSUE

Are the reasonable expenses incurred by a sheriff in executing a circuit court's writ of execution chargeable as expenses against a party in a civil proceeding absent any specific statutory authorization?

## DECISION

It is well settled in this state that the taxation of costs was unknown to the common law, and that courts are without the inherent power to tax costs. The authority to tax such costs should not be implied, but must rest upon a clear legislative grant of power to do so. *Lowe v. Steele Construction Co.,* 368 N.W.2d 610 (S.D.1985); *City of Aberdeen v. Lutgen,* 273 N.W.2d 183 (S.D.1979); *Basin Electric Power Coop v. Lang,* 304 N.W.2d 715 (S.D. 1981); *State Highway Comm'n v. Hayes Estate,* 82 S.D. 27, 140 N.W.2d 680 (1966); *Buckingham Transp. Co. of Colorado v.*

*Black Hills Transp. Co.*, 66 S.D. 433, 285 N.W. 300 (1939). SDCL 7–12–18 (fees and traveling expenses chargeable by sheriff) does not authorize a sheriff to charge the moving expenses in this case. SDCL 7–12–1 requires the sheriff to keep and preserve the peace. He is empowered to call to his assistance such persons or power as he deems necessary. He is also required to serve and execute all writs directed to him by the courts. In statutory dispossession proceedings, the citizen is entitled to have the process executed by the appropriate public officer. Sheriff Brown's duty in this instance was to peacefully place Norwest Bank in possession of its property and to reasonably eject the trespassing Goehrings. Sheriff Brown, a public officer, was mandated to perform those services required of him by law. He must look to the statutes for his compensation or reimbursement. If none is provided for, the expense is one of government to be born by all of the citizens. To hold otherwise would be contrary to sound public policy. It might have the tendency to foreclose some citizens from exercising their just rights to peaceful possession of their own property because they could not afford the costs. A sheriff's duty to keep the peace is an expensive duty, one best absorbed by all of the citizens.

We affirm on all issues presented.

HENDERSON, Acting C.J., and BERNDT, and McKEEVER, Circuit Judges, concur.

MILLER, J., concurs specially.

GROSSHANS, Circuit Judge, for WUEST, C.J., disqualified.

BERNDT, Circuit Judge, for MORGAN, J., disqualified.

McKEEVER, Circuit Judge, for SABERS, J., disqualified.

MILLER, Justice (concurring specially).

Although I concur, I believe it is important to point out (as did the trial judge in his memorandum opinion) that this case must be distinguished from a typical foreclosure or execution of judgment proceeding which is made for the benefit of a creditor. In those circumstances, recovery of a sheriff's costs and expenses are clearly permitted. *See, e.g.,* SDCL 15–18–38.

I do feel compelled to observe that I find it interesting, if not perplexing, that although defendants recognized that the bank was an indispensible party and joined it through third-party pleadings, they did not join or seek to join the Goehrings, whose personal property was the subject of the action. It would seem that they were also indispensible parties. Even though they may not have a great deal of money, they obviously had some personal property worth seeking, since according to the record here the sheriff spent some $5400 in having it removed from the real property.