ASSOCIATED TRUCK LINES *v.* EMPLOYERS' FIRE INS. CO. OF BOSTON, MASS.

1. PARTIES—INSURANCE—COMPOSING SPLIT CAUSE OF ACTION.
   Split cause of action, resulting from insured motor carrier's assignment to equipment insurer with authorization to bring action in its name, could be composed by joinder of insured as party plaintiff in behalf of subrogation rights of cargo insurer when it meets its policy obligation (3 Comp. Laws 1929, § 14010).

2. SUBROGATION—PAYMENT.
   Subrogation rights follow and do not precede payment.

3. PARTIES—JOINDER—AUTOMOBILES—INSURANCE—TORTS.
   In case total damage to insured motor carrier by act of tortfeasor exceeded insurance carried on the cargo and equipment, then one action in the interest of insured, equipment insurer and cargo insurer is the remedy (3 Comp. Laws 1929, § 14010).

4. INSURANCE—PARTIES—DAMAGE TO MOTOR CARRIER EQUIPMENT
   AND CARGO—SUBROGATION.

> Motor carrier which paid consignor upon rejection by consignee
> of cargo injured by fire following collision which also injured
> carrier's equipment *held,* entitled to recover from cargo in-
> surer after carrier's refusal to become a party on behalf of
> such insurer in action against tortfeasor by subrogee equip-
> ment insurer which had paid insured for damages to equip-
> ment, where cargo insurer had not been subrogated to carrier
> by payment of loss (3 Comp. Laws 1929, § 14010).

Appeal from Ingham; Carr (Leland W.), J.  Sub-
mitted June 13, 1935.  (Docket No. 28, Calendar No.
38,377.)  Decided March 3, 1936.

Action by the Associated Truck Lines, a Michigan
nonprofit corporation, against Employers' Fire In-
surance Company of Boston, Massachusetts, on an
insurance policy covering damage to cargo.  Judg-
ment for plaintiff.  Defendant appeals.  Affirmed.

*William Fitzpatrick* (*Shields, Silsbee, Ballard &
Jennings* and *Edmund M. Brady,* of counsel), for
plaintiff.

*Wm. E. Vaughan* (*Wm. C. Brown,* of counsel), for
defendant.

WIEST, J.  This is an action on an insurance policy,
covering a cargo of automobile parts, in transit by
motorized equipment and rendered junk by fire oc-
casioned by a collision, caused, it is claimed, by act
of a tortfeasor.  The motorized equipment was in-
sured by the Insurance Company of North America,
which has paid, been subrogated and brought suit in
its own name in the Muskegon circuit against the
alleged tortfeasor.

Over the protest of defendant herein the insured,
upon rejection of the cargo by the consignee, paid

the consignor. This was proper under the evidence. Defendant herein demanded that the insured become a party to the Muskegon case in protection of its subrogation rights upon payment. This the insured refused to do.

The assignment to the insurer of the motorized equipment, with authorization of suit in the name of that subrogee, constituted a split of the cause of action against the tortfeasor, capable, however, under the record before us, of being composed by joinder of the insured therein as a party plaintiff in behalf of subrogation rights of defendant herein when it meets its policy obligation. Subrogation rights follow and do not precede payment.

If the total damage to the insured, by act of the tortfeasor, exceeded the insurance carried on the cargo and equipment then one suit in the interest of the three damnified parties is the remedy. 3 Comp. Laws 1929, § 14010.

If the insured is fully compensated by the insurance then both insurers have right to equality of subrogation and one action, in behalf of both, should be made possible. The equitable and legal rights of defendant herein, under the doctrine of subrogation, if and when it meets its insurance obligation, command observance on the part of the insured but, inasmuch as such observance immediately follows performance of the contract obligation by the insurer, we are constrained to affirm the judgment.

Plaintiff will recover costs.

North, C. J., and Fead, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.

The late Justice Nelson Sharpe took no part in this decision.