PHILIP SCHMER, APPELLEE AND CROSS-APPELLANT, v. HAWK-EYE-SECURITY INSURANCE COMPANY, APPELLANT AND CROSS-APPELLEE.

230 N. W. 2d 216

Filed June 5, 1975. No. 39811.

Deutsch & Hagen, for appellant.

George H. Moyer, Jr., of Moyer & Moyer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action on an insurance policy issued by the

defendant to the plaintiff. A 37-foot Trainliner grain trailer owned by the plaintiff was damaged by an explosion in Norfolk, Nebraska, on February 19, 1962. The explosion occurred when Riley C. Gilleland attempted to light a propane heater in a truck parked next to the plaintiff's trailer. The insurance policy provided coverage for direct and accidental loss of or damage to the trailer caused by explosion.

The jury returned a verdict for the plaintiff in the amount of $3,025.40. The defendant has appealed.

The trailer which was damaged was a frameless, hopper bottom, aluminum trailer that had been purchased new on February 6, 1962. A dispute arose as to the amount of the plaintiff's damage. The defendant contended the trailer could be straightened in a frame machine the same as a trailer constructed of steel. The plaintiff was advised that more extensive and expensive repairs were required because of the design of the trailer and the fact it was constructed of aluminum.

On May 4, 1962, the plaintiff employed James Brogan to represent him in regard to this matter. Brogan was unable to negotiate a settlement with the defendant and commenced this action on November 10, 1965. Brogan withdrew his appearance for the plaintiff in 1966.

In the negotiations with Brogan the defendant encouraged Brogan to pursue the plaintiff's claim against Gilleland. It is apparent that the defendant wanted the plaintiff to collect from Gilleland and thus avoid making any payment under its policy. The defendant also wanted to avoid a controversy with Gilleland's insurer over the amount of the damage. The defendant's claims representatives were instructed to make sure that Gilleland's insurer would honor the defendant's subrogation interest before any settlement was made with the plaintiff.

In November 1965, Brogan told the defendant he was going to file suit against Gilleland. Brogan testified the representatives of the defendant told Brogan he

would be paid a contingent fee of one-third the amount he saved the defendant.

An action against Gilleland was filed on February 19, 1966. A summons was served upon the Secretary of State as provided in section 25-530, R. R. S. 1943, but an affidavit of notification was not filed until March 25, 1968. The service on Gilleland was held to be defective in Schmer v. Gilleland, 185 Neb. 54, 173 N. W. 2d 391. Any further action was barred by the statute of limitations. § 25-207, R. R. S. 1943.

The defendant contends the plaintiff's failure to obtain service on Gilleland was equivalent to a release and discharge of Gilleland and was a defense to this action under the policy. Much of the argument is devoted to the question of whether the negligence of Brogan could be imputed to the defendant. We find it unnecessary to determine that issue because we are of the opinion that the plaintiff had no duty to bring an action against Gilleland until there had been some payment by the defendant to the plaintiff under the policy.

There is a difference between the release or compromise of a claim against a third party and a failure to bring an action against the third party. One of the reasons why people buy insurance is to avoid the necessity of litigating claims against third parties.

The defendant's right to subrogation depended upon payment under the policy. The subrogation clause provided, "In the event of any payment under this policy the Company shall be subrogated" to the insured's rights of recovery. No right of subrogation would arise until the claim had been paid. 16 Couch on Insurance (2d Ed.), § 61:46, p. 267. Subrogation rights follow and do not precede payment. Associated Truck Lines v. Employers' Fire Ins. Co., 275 Mich. 74, 265 N. W. 780.

The defendant in this case is in the same position as if the plaintiff had never filed an action against Gilleland. If payment had been made under the policy, then perhaps the plaintiff would have been obligated to allow

the defendant to sue Gilleland in the plaintiff's name and at its expense. Because the defendant had made no payment to the plaintiff, there was no duty upon the plaintiff to sue Gilleland. Insurance Co. of North America v. Newtowne Mfg. Co., 187 F. 2d 675. The defendant is complaining about the breach of a duty that never existed. Thus, the plaintiff's failure to commence an action against Gilleland within the time permitted by the statute of limitations was no defense in this action.

The remaining issue that must be determined relates to the allowance of attorney's fees. Under section 44-359, R. R. S. 1943, the plaintiff was entitled to a reasonable sum as an attorney's fee, in addition to the amount of his recovery, to be taxed as part of the costs. The trial court allowed the sum of $3,076.17 as an attorney's fee and expenses. The defendant contends this amount was excessive. By cross-appeal the plaintiff contends the amount was inadequate.

In determining the value of legal services rendered by an attorney, it is proper to consider the amount involved, the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised and the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services. Allen v. City of Omaha, 136 Neb. 620, 286 N. W. 916. The amount of the allowance generally rests in the sound discretion of the court. Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133.

The affidavit attached to the motion of the plaintiff's attorney filed in the trial court alleged in detail the correspondence involved in handling the case. It included an itemized time sheet and a statement of expenses incurred. The amount claimed was $6,349.60 including expenses of $615.66. The trial court allowed the

sum of $2,460.51 plus $615.66 expenses. We find no abuse of discretion in regard to the amount of the allowance.

The judgment of the District Court is affirmed. The plaintiff is allowed the sum of $1,000 for the services of his attorney in this court.

AFFIRMED.