**CITY OF ABERDEEN, a Municipal Corporation of the State of South Dakota, Plaintiff and Appellant,**

v.

**Charles H. K. LUTGEN, Defendant and Appellee.**

No. 12895.

Supreme Court of South Dakota.

Considered On Briefs Nov. 26, 1980.

Decided March 18, 1981.

Charles B. Kornmann of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for plaintiff and appellant.

Thomas M. Tobin of Maynes, Tonner, Maynes & Tobin, Aberdeen, for defendant and appellee.

MORGAN, Justice.

This case, a condemnation proceeding, has previously been before this court on appeal. Upon remand from this court to fix terms, the Fifth Judicial Circuit Court, Brown County, determined that appellant City of Aberdeen (city) owed appellee Charles H. K. Lutgen (Lutgen) terms in the amount of $9,318.95 for Lutgen's attorneys' fees and costs. City appeals from that determination. We affirm in part, reverse in part, and remand.

The principal issue on the first appeal was the right of city to dismiss condemnation proceedings after a jury had returned an award in excess of the amount city was willing to pay for the property, and the extent of terms that could be fixed. The order for dismissal was entered before a judgment was entered on the verdict. That decision, *City of Aberdeen v. Lutgen*, 273 N.W.2d 183 (S.D.1979), hereinafter referred to as *Lutgen I*, is referred to for details. In that decision we affirmed the right of city to dismiss upon terms and remanded the case back to the trial court "to fix the terms, which could include a reasonable amount for attorney fees to be determined by the court on a quantum meruit basis." Id. at 186.

On June 4, 1979, the trial court held a hearing in order to comply with this court's remand of the case. After hearing argument of counsel and taking into considera-

tion briefs, affidavits, motions, and memorandums of counsel, the trial court ordered city to pay Lutgen $9,318.95 on his motion for terms. The trial court also determined that city's motion to dismiss the condemnation proceeding was not a conditional motion, so city could not then exercise an option and elect to take the land.

The first and principal issue raised by city on this appeal is whether its motion to dismiss was conditional. The trial court held that it was not. We disagree, and therefore reverse and remand as to that issue.

City alleges that its motion to dismiss was statutorily a conditional motion since the words "terms and conditions" as used in SDCL 15–6–41(a)(2) mean that the party making the motion for dismissal *must* be given the option of not accepting the dismissal if he finds the terms and conditions imposed by the court to be unacceptable.

SDCL 15–6–41(a)(2), in pertinent part, reads:

> By Order of Court. Except as provided in paragraph (1) of § 15–6–41(a), an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

Although this court has not previously discussed this code section, its federal counterpart has been addressed in federal courts. In *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885, 889 (7th Cir. 1972) (citations omitted), the United States Court of Appeals stated:

> This of course would not preclude the district court from offering the alternative to the moving party to proceed under Subsection (2) for an order of court in which terms and conditions could be imposed. Even here, however, the plaintiff has an option not to dismiss if conditions specified by the court seem to it too onerous. We cannot discern that the plaintiff was here afforded the option to which he was entitled.

■ We therefore agree with city that under the provisions of SDCL 15–6–41(a)(2)

its motion was conditional. We do not agree with Lutgen that city should have urged this in the previous appeal, or that failure to do so constitutes waiver. It would have been impossible for city to consider the possibility of an option since it did not at that time know what the terms and conditions were going to be.

■ City next takes issue with the amount of attorneys' fees determined by the trial court, as well as the method of determination. "[A]llowance of attorneys' fees . . . rests in the sound discretion of the trial court, and will not be interfered with by this court unless it appears that there is error in the exercise thereof." *Lien v. Lien*, 278 N.W.2d 436, 443 (S.D. 1979). Additionally, the trial court has broad discretion in determining the amount of attorneys' fees. *Soldat v. Iowa Dist. Court for Emmet Cty.*, 283 N.W.2d 497 (Iowa 1979); *Schmer v. Hawkeye Security Ins. Company*, 194 Neb. 94, 230 N.W.2d 216 (1975).

We discussed the allowance of attorneys' fees in *Lien*. While *Lien* was a divorce case, we find a portion of that decision appropriate to the question now before us:

> [T]he trial court in fixing a reasonable fee should consider those elements involved in fixing legal fees generally, namely: the amount and value of the property involved, the intricacy and importance of the litigation, the labor and time involved, the skill required to draw the pleadings and the trying of the cause, the discovery procedures utilized, whether there existed complicated legal problems, the time required to try the cause, and whether written briefs were required. Where an appeal to this court is involved, that can also be considered.

*Lien*, supra, at 443. See also: Code of Professional Responsibility, EC 2–18 and DR 2–106.

■ Although our *Lien* decision was handed down shortly before the trial court's hearing in this case, neither counsel cited it to the trial court. Appellee did cite the trial court to *Dade County v. Oolite Rock Company*, 311 So.2d 699 (Fla.1975), which set out substantially the same criteria as we

adopted in *Lien*, as quoted above. In *Lien* we reversed and remanded because the trial court had before it no showing as to the time expended by successful counsel. In this case, however, there was a showing as to the number of hours expended by both principal and associate counsel, both in the condemnation proceeding and on the appeal of *Lutgen I.* Although the trial court's finding did not detail its computation of the fees allowed, it did recognize that there had been extensive pretrial proceedings and discovery along with numerous motions and depositions; that there were many and complex evidentiary and legal issues; and that appellee was ably and vigorously represented by competent counsel.[1] The amount allowed was substantially below the amount sought by counsel for Lutgen, and recognizing, as we have in the past, that the trial court is in a better position to fix attorneys' fees than we are,[2] we will not say that the amount allowed demonstrates any abuse of discretion. We hold, therefore, that the trial court substantially complied with our criteria in *Lien* and that the amount allowed was supported by the evidence. We affirm as to that amount.

■ City also complains that it has been precluded from appealing alleged errors in the trial. Since city prevented a final judgment on the verdict, it may hardly complain at this point. If it elects to withdraw its motion, the trial court will, of course, enter judgment on the verdict as provided by SDCL 21–35–19, from which final judgment an appeal would lie as to the issues preserved in the trial record. At oral argument suggestion was made that Lutgen would also be entitled to interest for the period that has transpired. This question was appropriately not briefed in the appeal due to the posture of the case, so we make no decision as to that issue leaving it for a day when it is presented, adequately briefed, and argued.

In summation, we affirm the trial court as to the amount of attorneys' fees and costs allowed as terms for the voluntary

dismissal under SDCL 15–6–41(a)(2); however, we reverse as to its determination that the motion for dismissal was not conditional, and remand the case with instructions to permit city to elect whether to pay the terms as approved or to withdraw its motion, whereupon the trial court shall enter judgment upon the original verdict as provided by law.

HENDERSON and FOSHEIM, JJ., concur.

WOLLMAN, C. J. and DUNN, J., concur in part and dissent in part.

DUNN, Justice (concurring in part, dissenting in part).

I would agree with the majority opinion that city should be given the option of accepting the jury verdict or being responsible for any proper terms and costs imposed by the court.

However, I would dissent as to allowance of attorney fees as part of the terms permitted by the trial court for all of the reasons stated in *Lutgen I.*

I am authorized to state that Wollman, Chief Justice, joins in this concurrence in part and dissent in part.

---

1. The record in this case fills a 12″ × 12″ × 20″ box.

2. *Holforty v. Holforty*, 272 N.W.2d 810 (S.D. 1978).