PER CURIAM.
This is an appeal from a final summary judgment for the defendant insurer in an action by the plaintiff insured for recovery under a marine insurance policy for the loss of a cargo of peanuts shipped to Nicaragua. The trial court entered final summary judgment for the defendant insurer Switzerland General Insurance Corporation of New York on the sole ground that the plaintiff insured Industriales Nicaragüens-es had impaired the insurer’s subrogation rights in violation of clause 33 of the marine insurance policy by failing to file suit against a potential third-party tortfeasor, the shipping line, for the loss of the cargo of peanuts. The plaintiff insured appeals.
We conclude that the plaintiff insured did not impair the subrogation rights of the defendant insurer under the subject marine insurance policy for two reasons. First, the failure to file suit against the shipping line, without more, was not an affirmative act of the insured which constituted an impairment of subrogation rights. See, e.g., Insurance Co. of North America v. Newtowne Manufacturing Co., 187 F.2d 675, 684 (1st Cir.1951) (Magruder, C.J.); Schmer v. Hawkeye-Security Insurance Co., 194 Neb. 94, 230 N.W.2d 216, 218 (1975). Second, the insurer denied coverage under the policy, made no request of the insured to file suit against the shipping line, and therefore, asserted no subrogation rights which were capable of being impaired. See, e.g., Meredith v. The Ionian Trader, 279 F.2d 471 (2d Cir.1960); Insurance Co. of North America v. Newtowne Manufacturing Co., supra, at 685; Fireman’s Fund Insurance Co. v. Rojas, 409 So.2d 1166 (Fla. 3d DCA 1982); Indiana Insurance Co. v. Collins, 359 So.2d 916 (Fla. 3d DCA 1978).
The final summary judgment under review is reversed and the cause is remanded for further proceedings.