**DAVENPORT GRAIN CO., a Nebraska Corporation, Plaintiff,**

v.

**MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, a Corporation, Defendant.**

**No. CV86–L–281.**

United States District Court, D. Nebraska.

Aug. 7, 1987.

M.J. Bruckner and Paul J. Peter, Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., Lincoln, Neb., for plaintiff.

Eugene P. Welch of Gross, Welch, Vinardi, Kauffman & Day, P.C., Omaha, Neb., for defendant.

MEMORANDUM AND ORDER REGARDING ATTORNEY'S FEES, EXPERT WITNESS FEES AND COSTS

URBOM, District Judge.

In the order of May 12, 1987, the plaintiff was given time to make its showing

---

regarding attorney's fees, expert witness fees, and costs. A showing has been made and the defendant has responded.

As to expert witness fees the plaintiff shows fees and expenses for Kurtis Siemers of $11,074.32, Timothy W. Buyse of $958.17, and Bob Machacek of $75.00.

■ The decision of the Supreme Court of the United States in *Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) says:

> "We ... hold that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of § 1821, absent contract or explicit statutory authority to the contrary."

Later in the opinion appears this statement:

> "We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness's costs, federal courts are bound by the limitations set out in 18 U.S.C. § 1921 and § 1920."

The result is that the plaintiff is entitled to a witness fee in the amount of $30.00 per day for each day's attendance in accordance with 28 U.S.C. § 1821(b); that amount has already been allowed by the clerk in the taxation of costs, filing 54. No additional expert witness fees are allowable.

■ As to court costs other than witness fees, the only issue raised by the plaintiff's motion for review and modification of taxation of costs, filing 55, has to do with the clerk's disallowance of deposition costs of Norbert Martin, Jerry Martin and J. Clif Snyder. I conclude that the cost of the stenographic transcripts of those depositions should be allowed. Although not introduced into evidence, they were necessarily obtained for use in the case, within the meaning of 28 U.S.C. § 1920. The allowance should be only for the cost of the original. That computation is as follows:

| | |
|---|---|
| J. Clif Snyder | $225.00 |
| Norbert Martin | 587.50 |
| Jerry Martin | 75.00 |
| TOTAL | $887.50 |

As to attorney's fees counsel appear to agree that Nebraska Revised Statute § 44–359 (Cum.Supp.1986) authorizes the allowance of fees in this language:

> "In all cases when the beneficiary ... brings an action upon any type of insurance policy ... the court, upon rendering judgment against such company ... shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs.... [I]f the plaintiff fails to obtain judgment for more than may have been offered by such company ... in accordance with section 25–901, then the plaintiff shall not recover the attorney's fee provided by this section."

Nebraska Revised Statute § 25–901 says:

> "The defendant in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff, or his attorney, an offer in writing to allow judgment to be taken against him for the sum specified therein...."

The statute then sets out how the plaintiff may accept the offer and how judgment is to be entered if there is an acceptance.

■ The combination of the foregoing statutes means that the court must allow an attorney's fee to the plaintiff if judgment is entered against the insurer in an amount greater than the amount specified in a written offer to allow judgment to be taken against the insurer before the trial. The allowance is to be in a reasonable amount.

The legislative history of the statute which now is § 44–359 is not helpful. Both sides argue in their briefs that the legislative history supports their positions. The plaintiff points to language of the attorney who appeared for the principal introducer of the bill before the legislature that a purpose was "to make the insured whole." The defendant highlights language of the same attorney that the purpose was "to encourage the insurance company to pay justifiable and legitimate claims ... to prevent the insurance company from forcing an 'economic settlement' rather than allow-

ing the claimant insured to recover what is justly due him."

The plaintiff uses the "to make the insured whole" language to support its view that where it had a contract with its counsel regarding fee and the plaintiff has paid that fee, the amount paid should be considered reasonable and awarded. The defendant counters that the "justifiable and legitimate claims" language supports its position that when the insured is obstinate regarding settlement negotiations, a reasonable fee is no fee at all. I think both positions are too extreme to be accepted.

The statute requires the granting of a reasonable fee if judgment is entered against the insurer in an amount more than a formally offered settlement figure. Here, the written offer to confess judgment was in an amount less than the jury's verdict. The jury's verdict was not excessive. The only issue is what constitutes a reasonable fee. I do not consider that the attitude of the plaintiff or its counsel with respect to settlement offers is a factor to consider in the reasonableness determination. The specific protection to an insurer under the statute is to do what the insurer here did—make an offer to confess judgment. It casts no burden upon the plaintiff to make offers. Both sides work from the amount specified in the offer to confess judgment at their own risk. The statute does not put upon either of the parties any additional risk in the settlement process.

A reasonable fee under § 44–359 is to be determined by such matters as:

"The amount involved, the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised and the skill required to properly conduct the case. The responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services."

*Schmer v. Hawkeye–Security Insurance Co.*, 194 Neb. 94, 230 N.W.2d 216 (1975).

In *Ruby Cooperative Company v. Farmers Elevator Mutual Insurance Company*, 197 Neb. 605, 250 N.W.2d 239 (1977), the court disapproved the allowance of an attorney's fee under § 44–359 in the amount of one-third of the judgment, where the plaintiff's attorney was handling the case on a contingent fee basis, saying:

"... The allowance of a reasonable attorney's fee under section 44–359, R.R.S. 1943, has no relation to the fee contracted for on a contingency basis. The contingent fee involves risks that are not pertinent to a reasonable attorney's fee for services rendered...."

In *Hemenway v. MFA Life Insurance Co.*, 211 Neb. 193, 203, 318 N.W.2d 70 (1982), the court said:

"... Such attorney fee as may be awarded under the provisions of § 44–359 must be solely and only for services actually rendered in the preparation and trial of the litigation on the policy in question."

Irrespective of what the plaintiff and its counsel agreed to with respect to fee and irrespective of any amount actually paid by the plaintiff to its counsel by way of fee, it is the services rendered in connection with the litigation that must be judged for reasonableness and a value placed upon them.

I have reviewed the application for attorney's fees, filing 53, in detail in light of the various factors mentioned in *Schmer v. Hawkeye–Security Insurance Co., supra,* and conclude that a fee of $57,727.00 is a reasonable one to be awarded in this case. That includes the computation of M.J. Bruckner's hours at $135 and $155 per hour, during various times; Paul Peter's time at $50, $60, and $75 per hour at various times; and time of law clerks, paralegals, and investigators at $25 and $48 per hour at various times. It also includes time for preparing the brief and showing regarding fee and expenses in the amount of $1,425.00. It does not include expenses for photocopies, long distance calls, postage, meals, court reporter fees, air fare, exhibit supplies, mileage, exhibit preparation, witness fees, and expert services. The Nebraska statute does not mention expenses and does not have any language which in any way suggests allowance is to be made for expenses. I do conclude that fees for paralegals, investigators, and law

clerks are permissible as substitutes for work that otherwise would have to be done by the attorneys and accordingly fall within the statute.

IT THEREFORE IS ORDERED that:

1. the motion for review and modification of taxation of costs, filing 55, is granted and the plaintiff shall be allowed against the defendant costs in the total amount of $2,399.50;

2. the application for expert witness fees and costs, filing 52, is denied; and

3. the application for attorney's fees, filing 53, is granted in the amount of $57,-727.00, which shall be included in the judgment as costs.